JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

APPENDIX B

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Andrew Miller

## DEFENDANTS
National Association of Securities Dealers, Inc.

**(b)** County of Residence of First Listed Plaintiff: Lee County, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James W. Hennessey (Phone: 215-575-7000)
Dilworth Paxson LLP
3200 Mellon Bank Center, 1735 Market Street
Philadelphia, PA 19103

Attorneys (If Known)
Terri Reicher, Associate General Counsel (Phone: 202-728-8967)
National Association of Securities Dealers, Inc.
1735 K Street NW
Washington D.C., 2006

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | [x] 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |  |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation | ☐ 890 Other Statutory Actions |
|  |  | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
|  |  |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. 78o-3. Violation of organization internal rules and defamation.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes [x] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 10/28/2005

SIGNATURE OF ATTORNEY OF RECORD: /s/ James W. Hennessey

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT         APPENDIX A

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Andrew Miller, 6631 Lakeshore Lane #1018, Fort Myers, FL 33907

Address of Defendant: National Association of Securities Dealers, Inc., 1735 K Street NW, Washington, DC 20006

Place of Accident, Incident or Transaction: Please See Attached.
(Use Reverse Side For Additional Space)

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☑
RELATED CASE, IF ANY:

Case Number: 02-8225    Judge: Norma L. Shapiro, S.J.    Date Terminated: May 26, 2005

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☑    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐    No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☑ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

ARBITRATION CERTIFICATION
(Check appropriate Category)

I, James W. Hennessey, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 10/27/2005    _____[signature]_____    20235
                    Attorney-at-Law            Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/27/2005    _____[signature]_____    20235
                    Attorney-at-Law            Attorney I.D.#

CIV. 609 (9/99)

**Attachment to Designation Form**

<u>Place of Accident, Incident or Transaction:</u>  The record sought to be expunged arises from transactions and court actions which took place in the Eastern District of Pennsylvania.

623578_1

UNITED STATES DISTRICT COURT                                                APPENDIX A

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Andrew Miller, 6631 Lakeshore Lane #1018, Fort Myers, FL 33907

Address of Defendant: National Association of Securities Dealers, Inc., 1735 K Street NW, Washington, DC 20006

Place of Accident, Incident or Transaction: Please See Attached.
(Use Reverse Side For Additional Space)

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☑
RELATED CASE, IF ANY:

Case Number: 02-8225    Judge: Norma L. Shapiro, S.J.    Date Terminated: May 26, 2005

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☑   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☑ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

### ARBITRATION CERTIFICATION
(Check appropriate Category)

I, James W. Hennessey, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 10/27/2005         _____James W. Hennessey_____         20235
                          Attorney-at-Law                     Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/27/2005         _____James W. Hennessey_____         20235
                          Attorney-at-Law                     Attorney I.D.#

CIV. 609 (9/99)

## Attachment to Designation Form

<u>Place of Accident, Incident or Transaction:</u>   The record sought to be expunged arises from transactions and court actions which took place in the Eastern District of Pennsylvania.

623578_1

IN THE UNITED STATES DISTRICT COURT          APPENDIX C
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Andrew Miller                                                     :                    CIVIL ACTION
                                                                  :
                                                                  :
                     v.                                           :
National Association of Securities Dealers, Inc.                  :
                                                                  :                    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks. (✓)

10/28/2005                                                        James W. Hennessey
**Date**                                                          **Attorney-at-law**

                                                                  Andrew Miller, Plaintiff
                                                                  **Attorney for**

(Civ. 660) 7/95

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW MILLER, : | |
| Plaintiff, : | |
| : | |
| vs. : | DOCKET NO. _____ |
| : | |
| NATIONAL ASSOCIATION OF : | |
| SECURITIES DEALERS, INC., : | |
| Defendant. : | |

## NOTICE OF LAWSUIT AND REQUEST FOR

## <u>WAIVER OF SERVICE OF SUMMONS</u>

TO: National Association of Securities Dealers, Inc.
c/o Terri Reicher, Esquire
Associate General Counsel
1735 K St. NW
Washington, DC 20006

    A lawsuit has been commenced against you (or a party that you represent). A copy of the Complaint is attached to this notice. It has been filed in the United States District Court for the Eastern District of Pennsylvania and has been assigned docket number _____.

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent.

623335_1

  If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the bottom of the waiver form.

  I affirm that this request is being sent to you on behalf of the plaintiffs, this 28th day of October, 2005.

_____
James W. Hennessey, Esquire
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, Pennsylvania 19103
(215) 575-7000

Dated: October 28, 2005

Attorney for Plaintiff

623335_1

UNITED STATES DISTRICT COURT

IN THE EASTERN DISTRICT OF PENNSYLVANIA

WAIVER OF SERVICE OF SUMMONS

TO:   James W. Hennessey
      Dilworth Paxson LLP
      3200 Mellon Bank Center
      1735 Market Street
      Philadelphia, PA 19103


    I acknowledge receipt of your request that I waive service of summons on the action of <u>Andrew Miller v. National Association of Securities Dealers, Inc.</u>, which is case number _____ in the United States District Court for the Eastern District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after October 28, 2005 or within 90 days after that date if the request was sent outside the United States.

_____         _____
Date                           Signature
                               Terri Reicher
                               Associate General Counsel
                               National Association of Securities Dealers, Inc.


Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of summons, fails to do so will be required to bear the costs of such service unless good cause be shown for its failure to sign and return the waiver.
    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and

623335_1

objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

623335_1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW MILLER, | : |
| Plaintiff, | : |
| vs. | : DOCKET NO. _____ |
| NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., | : |
| Defendant. | : |

## COMPLAINT

1. This Court has jurisdiction pursuant to Section 78aa of Title 15 of the United States Code (15 U.S.C. § 78aa) and Section 1331 of Title 28 of the United States Code (28 U.S.C. § 1331).

2. Plaintiff, Andrew Miller ("Miller"), is a registered representative licensed to sell securities, residing at 6631 Lakeshore Lane #1018, Fort Myers, Florida, 33907.

3. Defendant, National Association of Securities Dealers ("NASD") is a not-for-profit Delaware corporation registered with the Securities and Exchange Commission (SEC) as a national securities association, pursuant to the Maloney Act, 52 Stat. 1070 (1938), 15 U.S.C. §§ 78o-3, *et seq.*, amending the Securities Exchange Act of 1934 (Exchange Act), 15 U.S.C. § 78a, *et seq*.

4. On or about October 30, 2002, a complaint was filed in the matter of *Miller v. First Union Brokerage Services, Inc., et al.*, Civil Action No. 2:02-CV-08225-NS (the "Action"),

617737_1

in which Miller was named as a defendant. The complaint in the Action (the "Complaint") contained various allegations of securities fraud, as well as claims for injunctive relief and unjust enrichment. Named as defendants in the Action were First Union Brokerage Services, Inc., Wachovia Mortgage Corporation, First Union National Bank, Barbara S. Racan (collectively, the "Other Defendants") and Miller. The Action was brought by plaintiffs Joseph E. Miller and Sara B. Miller (collectively, "Plaintiffs").

5. Although the Other Defendants named in the Action received service of the Summons and Complaint, Miller was never served with the Summons or Complaint. *See* Copy of Civil Docket for Case #: 2:02-CV-08225-NS, attached hereto as Exhibit A.

6. Unbeknownst to Miller, by Order dated July 1, 2003, the Action was referred to NASD Arbitration in accordance with the arbitration agreement signed by the Plaintiffs. A copy of the July 1, 2003 Order is attached hereto as Exhibit B.

7. By Order dated October 30, 2003 (the "October 30 Order"), the Action was dismissed with prejudice as to all of the defendants pursuant to a negotiated settlement (the "Settlement"). The October 30 Order directed the Clerk to mark the Action "Closed." A copy of the October 30 Order is attached hereto as Exhibit C.

8. As a result of Miller never being served with the Summons or Complaint in the Action, Miller never obtained counsel to represent him in the Action, nor did he participate in any court proceedings or arbitrations in the Action. Although Miller did not participate in, nor contribute any money to, the Settlement, the October 30 Order clearly provides that the Action was dismissed with prejudice "AS TO ALL DEFENDANTS."

9. In or about November 2002, Miller first discovered that he was named in the Action when an attorney for Miller's employer, First Union, contacted him and informed him

that he had been named as a defendant in this Action. Upon Miller's request for advice, the attorney for First Union told him not to be concerned about the Action because Miller had not been served with the Summons or Complaint in the Action.

10. Through the Complaint, Plaintiffs alleged that each of the defendants engaged in acts intended to deceive, cheat and affect a fraud upon the Plaintiffs; and that defendants made fraudulent misrepresentations to Plaintiffs. Miller, however, was involved in only one limited exchange with the Plaintiffs, which occurred in March 2000, and which was specifically performed at the request of Plaintiff Joseph Miller. Miller had no knowledge of or involvement in the other transactions between Plaintiffs and the Other Defendants.

11. As such, Miller was improperly named as a defendant in the Action, and had neither notice nor opportunity to be heard in the matter.

12. As a result of the Settlement, it is now indicated in Miller's historical record in the NASD's Central Registration Depository System (the "CRD") that he was subject of a consumer-initiated complaint containing allegations that Miller was involved in sales practices violations in a case that was settled for more than $10,000.

13. The NASD placed a moratorium on the expungement of information from the CRD, unless expungement has been ordered by a court of competent jurisdiction. Copies of the NASD Notice to Members 99-09 and 99-54 are attached hereto as Exhibits D and E, respectively.

14. The NASD has determined that expungement of such records from the CRD would be proper on an arbitration finding that: (1) the claim, allegation, or information is factually impossible or clearly erroneous; (2) the registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or

617737_1

conversion of funds; or (3) the claim, allegation, or information is false. *See* NASD Notice to Members 04-16, a copy of which is attached hereto as Exhibit F.

15. Although the Action was referred to the NASD for arbitration, the Action was settled and dismissed before the arbitration occurred. Accordingly, Miller did not have the opportunity to obtain a finding that the allegations made by the Plaintiffs were (1) factually impossible or clearly erroneous; or (2) incorrectly made as to him; or (3) false.

16. Accordingly, Judge Norma J. Shapiro, by Order dated May 26, 2005, reopened the Action for the purpose of dismissing Miller without prejudice for lack of personal jurisdiction and for the purpose of correcting the court's error in dismissing all named defendants in the action with prejudice and ordering Miller's dismissal from the case *nunc pro tunc*. A copy of the May 26, 2005 Order is attached hereto as Exhibit G.

17. Andrew Miller's customer dispute information currently in the CRD relating to the claims of Joseph and Sarah Miller should be expunged because the registered person, Miller, was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds. As previously noted, Miller was involved in only one limited exchange with the Plaintiffs, which occurred in March 2000, and which was specifically performed at the request of Plaintiff Joseph Miller. Indeed, Miller had no knowledge or involvement in the other transactions between Plaintiffs and the Other Defendants. Accordingly, Miller's CRD record should be expunged because the underlying Action as to him was without legal merit and the court dismissed him from the action for lack of personal jurisdiction.

18. NASD's continued inclusion of information on Miller's historical record is defamatory. Under Pennsylvania law, "[s]tatements which harm a person's business or profession . . . convey a defamatory meaning." *Johnson v. Resources for Human Development,*

4

*Inc.*, 860 F.Supp. 218, 221 (E.D. Pa. 1994). Miller is harmed by the inclusion of information in the CRD relating to the Action and the Settlement because that information can be viewed by current and prospective employers and reflects negatively on Miller's integrity as a registered securities representative.

WHEREFORE, Andrew Miller hereby respectfully requests that this Court enter an Order in the form attached herewith, directing the expungement of all of Andrew Miller's customer dispute information from the CRD relating to the claims of Joseph and Sarah Miller in Civil Action No. 2:02-CV-08225-NS.

Respectfully submitted,

BY: _____
JAMES W. HENNESSEY, ESQUIRE
P.A. I.D. No. 20235
Dilworth Paxson LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
Tel: 215-575-7000
Fax: 215-575-7200

Attorney for Plaintiff,
Andrew Miller

Dated:

## CERTIFICATE OF SERVICE

I, James W. Hennessey, do hereby certify that, on October 27, 2005, the foregoing Complaint was served via first class mail upon the following counsel of record:

>Terri Reicher
>Associate General Counsel
>National Association of Securities Dealers
>1735 K Street NW
>Washington, D.C. 20006

James W. Hennessey (I.D. # 20235)

620866_1

# Exhibit A

## United States District Court
## Eastern District of Pennsylvania (Philadelphia)
### CIVIL DOCKET FOR CASE #: 2:02-cv-08225-NS

MILLER et al v. FIRST UNION BROKERAGE SERVICES, INC. et al
Assigned to: HONORABLE NORMA L. SHAPIRO
Cause: 15:77 Securities Fraud

Date Filed: 10/30/2002
Jury Demand: Plaintiff
Nature of Suit: 850 Securities/Commodities
Jurisdiction: Federal Question

**Plaintiff**
**JOSEPH E. MILLER**

represented by **SCUDDER G. STEVENS**
120 N. UNION ST
POBX 1156
KENNETT SQUARE, PA 19348
610-444-9840
Fax: 610-444-9841
Email: scudder@scuddergstevenspa.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**SARA B. MILLER**
*ET UX*

represented by **SCUDDER G. STEVENS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
**FIRST UNION BROKERAGE SERVICES, INC.**

represented by **JOSEPH G. DERESPINO**
DERESPINO & DOUGHER PC
1818 MARKET ST
STE 2910
PHILADELPHIA, PA 19103
215-972-2870
Fax: 215-972-2890
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**WACHOVIA MORTGAGE CORPORATION**

represented by **JOSEPH G. DERESPINO**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**FIRST UNION NATIONAL BANK**

represented by **JOSEPH G. DERESPINO**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**ANDREW MILLER**
*INDIVIDUALLY*

**Defendant**
**BARBARA S. RACAN**
*INDIVIDUALLY*

represented by **JOSEPH G. DERESPINO**
(See above for address)
*LEAD ATTORNEY*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/30/2002 | 1 | COMPLAINT against FIRST UNION BROKERAGE SERVICES, INC., FIRST UNION NATIONAL BANK, ANDREW MILLER, BARBARA S. RACAN, WACHOVIA MORTGAGE CORPORATION ( Filing fee $ 150 receipt number 806608.), filed by JOSEPH E. MILLER, SARA B. MILLER.(tj, ) Additional attachment(s) added on 2/24/2003 (ldb, ). (Entered: 10/30/2002) |
| 10/30/2002 | | Summons Issued; 5 Given to counsel 10/30/02. (tj, ) (Entered: 10/30/2002) |
| 10/30/2002 | | DEMAND for Trial by Jury by JOSEPH E. MILLER, SARA B. MILLER. (tj, ) (Entered: 10/30/2002) |
| 11/12/2002 | 2 | Summons Returned Executed. Served DEFENDANT BARBARA S. RACAN on 11/1/2002, answer due 11/21/2002. (mbh, ) (Entered: 11/13/2002) |
| 11/12/2002 | 3 | Summons Returned Executed. Served DEFENDANT FIRST UNION BROKERAGE SERVICES, INC. on 11/1/2002, answer due 11/21/2002. (mbh, ) (Entered: 11/13/2002) |
| 11/12/2002 | 4 | Summons Returned Executed. Served DEFENDANT WACHOVIA MORTGAGE CORPORATION on 11/1/2002, answer due 11/21/2002. (mbh, ) (Entered: 11/13/2002) |
| 11/12/2002 | 5 | Summons Returned Executed. Served DEFENDANT FIRST UNION NATIONAL BANK on 11/1/2002, answer due 11/21/2002. (mbh, ) (Entered: 11/13/2002) |
| 11/22/2002 | 6 | STIPULATION & ORDER THAT THE TIME IN WHICH DEFENDANTS FIRST UNION BROKERAGE SERVICES, WACHOVIA MORTGAGE CORP., FIRST UNION NATIONAL BANK AND BARBARA S. RACAN MAY MOVE, ANSWER, OR OTHERWISE PLEAD TO PLAINTIFF'S COMPLAINT IS EXTENDED BY THIRTY DAYS, UP TO AND INCLUDING 12/21/02. SIGNED BY JUDGE NORMA L. SHAPIRO ON 11/22/02. 11/25/02 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS ON 11/22/02.(rv, ) (Entered: 11/25/2002) |
| 12/20/2002 | 7 | MOTION BY DEFTS FIRST UNION BROKERAGE SERVICES, INC., FIRST UNION NATIONAL BANK, BARBARA S. RACAN, WACHOVIA MORTGAGE CORPORATION TO COMPEL ARBITRATION & DISMISS OR STAY ACTION, MEMORANDUM, CERTIFICATE OF SERVICE.(kw, ) (Entered: 12/23/2002) |
| 01/29/2003 | 8 | ANSWER by PLFFS JOSEPH E. MILLER, SARA B. MILLER to defts' motion to compel arbitration and dismiss or stay action, Memorandum, Certificate of Service. (kw, ) (Entered: 01/29/2003) |
| 01/29/2003 | 9 | MOTION BY PLFFS JOSEPH E. MILLER, SARA B. MILLER FOR LEAVE TO FILE OUT OF TIME, CERTIFICATE OF SERVICE.(kw, ) (Entered: 01/29/2003) |
| 03/05/2003 | 10 | ORDER THAT A FED.R.C.P. 16 PRETRIAL CONFERENCE WILL BE HELD ON 4/7/2003 AT 2:00 P.M. IN COURTROOM 10-A, ETC. SIGNED BY JUDGE NORMA L. SHAPIRO ON 3/5/03. 3/6/03 ENTERED AND COPIES MAILED.(kw, ) (Entered: 03/06/2003) |
| 04/04/2003 | 11 | ORDER THAT THIS ACTION SHALL BE ASSIGNED TO ARBITRATION & TRIAL OF THIS ACTION IS STAYED PENDING THE OUTCOME OF THE ARBITRATION. SIGNED BY JUDGE NORMA L. SHAPIRO ON 4/3/03. 4/4/03 ENTERED AND COPIES FAXED BY CHAMBERS.(kw, ) (Entered: 04/04/2003) |
| 04/10/2003 | 12 | ORDER THAT THIS COURT'S ORDER OF 4/3/03 IS AMENDED AS FOLLOWS: PARTIES JOINT REQUEST THAT THIS ACTION BE ASSIGNED TO ARBITRATION IS GRANTED. THIS ACTION SHALL BE ASSIGNED TO ARBITRATION & TRIAL OF THIS MATTER IS STAYED FOR 6 MONTHS PENDING THE OUTCOME OF THE ARBITRATION. THIS CASE IS PLACED IN ADMINISTRATIVE SUSPENSE UNTIL 10/10/03. PARTIES SHALL INFORM THE COURT OF THE STATUS OF ARBITRATION IN WRITING ON OR BEFORE 7/10/03. DEFTS' MOTION TO COMPEL ARBITRATION & TO DISMISS OR STAY & MOTION FOR LEAVE TO FILE OUT OF TIME ARE DENIED AS MOOT. SIGNED BY JUDGE NORMA L. SHAPIRO ON 4/9/03. 4/11/03 ENTERED AND COPIES |

| | | |
|---|---|---|
| | | MAILED: COPIES FAXED BY CHAMBERS ON 4/10/03.(kw, ) (Entered: 04/11/2003) |
| 08/01/2003 | 13 | ORDER THAT THIS CASE IS REFERRED TO NASD ARBITRATION IN ACCORDANCE WITH THE ARBITRATION AGREEMENT TO WHICH PLFFS AGREED. PARTIES SHALL SEE TO THE IMMEDIATE SCHEDULING OF AN ARBITRATION HEARING, ETC. THIS CASE SHALL REMAIN IN ADMINISTRATIVE SUSPENSE UNTIL 9/30/03, ETC. SIGNED BY JUDGE NORMA L. SHAPIRO ON 7/31/03. 8/4/03 ENTERED AND COPIES MAILED: COPIES FAXED BY CHAMBERS ON 7/31/03.(kw, ) (Entered: 08/04/2003) |
| 10/30/2003 | 14 | ORDER DISMISSING ACTION WITH PREJUDICE PURSUANT TO LOCAL RULE 41.1(b) SIGNED BY JUDGE NORMA L. SHAPIRO ON 10/30/03. 10/31/093 ENTERED AND COPIES MAILED: COPIES FAXED BY CHAMBERS ON 10/30/03.(kw, ) (Entered: 10/31/2003) |